UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                   Case No. 17-CR-111

JIMMY L. DESOTELL,

        Defendant.

## ORDER DENYING CHALLENGE TO
## VALIDITY OF UNDERLYING CONVICTIONS

Defendant Jimmy Desotell is charged in a Superceding Indictment, along with several others, with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or more of Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Desotell is also charged in a second count with Knowingly Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). On March 16, 2018, with plea negotiations having broken down and in light of the defendant's conduct while in custody at the Brown County Jail, the government filed an Information pursuant to 21 U.S.C. § 851 advising the court and Desotell of its intent to rely upon Desotell's November 12, 2009 conviction in the Circuit Court for Brown County, Wisconsin of the felony drug offense of delivery of heroin in violation of Section 961.41(1)(d)1 of the Wisconsin Statutes for the purpose of seeking the increased penalties available under 21 U.S.C. § 841. Desotell filed "Objections" to the Information on March 29, 2018, and a "Motion Challenging the Validity of Underlying Convictions for Sentence Enhancement" on

April 5, 2018. For the reasons stated herein, the objection is overruled and the motion challenging the validity of the prior convictions is denied.

In his objection to the government's filing of the § 851 Information, Desotell contends that "the Government's conduct in filing the information at issue amounts to a breach of the prior agreement with Desotell." ECF No. 158 at 4. Desotell asserts that he proffered and provided the government valuable information in return for a promise of leniency. Instead of fulfilling its promise, Desotell contends, the government is seeking enhanced penalties simply because he has elected to pursue his motion to suppress most or all of the evidence against him. The defendant offers no factual basis to support this allegation, however.

In response, the government has submitted the correspondence between counsel setting forth their communications leading to the filing of the Information. The correspondence reveals that on February 23, 2018, the government forwarded a surveillance video from the Brown County Jail showing the defendant engaging in a physical attack on another inmate. In the accompanying letter, the government stated "please be advised that the government's proposed plea agreement will be 'off-the-table' as of March 9, 2018, at 5:00 p.m. If a signed copy of the plea agreement is not received as of that date and time, this office will assume that Mr. Desotell is desirous of a trial and is no longer in a cooperative posture." ECF No. 159-1. The deadline was later extended at defendant's request to March 14, 2018, but both dates came and went with no signed plea agreement. On March 15, 2018, the government sent a letter noting that it was clear Desotell intended "to resolve the matter via cooperation as originally agreed," and stating that it would be filing the § 851 Information, which it did the following day. ECF No. 159-3.

In response to the defendant's allegation that in filing the information, it has breached the plea agreement, the government points to its December 13, 2017 email to counsel for Desotell in response to the filing of Desotell's motion to suppress earlier that day. In its email, the government stated that in exchange for the government refraining from filing an information, Desotell would have to "proffer (which he has done) and enter a plea to the charges in the indictment." ECF No. 159-4. The government expressly noted, "It appears from your recent filings that Mr. Desotell no longer wishes to pursue this path. Am I correct in understanding that Mr. Desotell is now willing to subject himself to a 20 year mandatory minimum or mandatory life sentence on the drug count going forward?" *Id.*

Based on the foregoing, it appears that the government only agreed to refrain from filing the Information calling for enhanced penalties if Desotell entered the plea agreement and did not pursue his motion to suppress. Desotell offers no reason to believe otherwise. Nor does he offer any argument or authority suggesting that such a plea offer is improper. To the contrary, the government, citing *United States v. Armstrong*, 517 U.S. 456 (1996), notes that prosecutors have broad discretion in deciding what plea agreements to offer. The requirement that the defense waive important procedural challenges is not unusual. Absent more, there is no basis for the court to conclude that, in filing the § 851 Information, the government somehow breached its plea agreement with the defendant. In fact, it appears no plea agreement was ever finalized. Desotell's objection to the government's filing of the Information is therefore overruled.

In his motion challenging the validity of his prior convictions, Desotell seeks to collaterally attack his underlying state court conviction for delivery of heroin on the ground that the state prosecutor improperly delayed charging him until he turned 17 so as to avoid a waiver hearing in

juvenile court. His argument clearly fails. As the government points out, Section 851(e) bars any challenge to a conviction that is more than five years old:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e). Desotell's state court felony drug conviction occurred in November 2009. Any challenge to its validity at this time is barred. His motion challenging the validity is therefore denied.

**SO ORDERED** at Green Bay, Wisconsin this  19th  day of April, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court