UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 17-CR-111

JIMMY L. DESOTELL,

        Defendant.

## ORDER GRANTING IN PART REQUEST FOR TRANSCRIPTS

On May 8, 2018, after the denial of his motion to suppress, Defendant Jimmy L. Desotell entered unconditional guilty pleas to conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine and carrying a firearm during and in relation to a drug trafficking crime. On August 1, 2018, Desotell was sentenced to the mandatory minimum terms of 120 months for the conspiracy charge and a consecutive 60 months for possession of a firearm charge. Judgment was entered on August 3, 2018.

Defendant, through his then privately retained attorney, John Miller Carroll, filed a Notice of Appeal on August 15, 2018. On September 4, 2018, Desotell filed a pro se motion to proceed on appeal *in forma pauperis*. The court granted that motion on September 18, 2018, and on September 20, 2018, the Court of Appeals entered an order setting the briefing schedule for the appeal, with the Appellant's brief due on October 22, 2018.

In the meantime, on September 10, 2018, the Court of Appeals issued an order directing Desotell to file his overdue docketing statement within 14 days. When no docketing statement was filed, a second order directing Desotell to file his docketing statement was entered on October 5, 2018, and on November 6, 2018, when again there was no response, Desotell was ordered to show cause why his appeal should not be dismissed for lack of prosecution. With still no response, the

Court of Appeals issued an order on November 28, 2018, directing Attorney Carroll to show cause why disciplinary proceedings should not be instituted against him for failure to prosecute the appeal.

Attorney Carroll responded the same day, explaining that he was retained to represent Desotell only for proceedings before the district court and assumed a new attorney would be appointed for his client when he filed his notice of appeal since he stated in the notice that his client was indigent. Attorney Carroll also stated that he was familiar with the issues in the case and "would be available for appointment by the Court for the indigent Defendant." 18-2778 Dkt. 9, ¶ 8. The Court of Appeals granted Attorney Carroll's motion to appoint him as counsel on appeal on November 30, 2018, and set a new briefing schedule, with the Appellant's brief due on or before January 9, 2019.

In the late morning of Friday, December 21, 2018, the last day before the Christmas holiday, Attorney Carroll submitted two requests for authorization for transcripts to be prepared for eleven separate hearings in the case on an expedited basis. Under preferred delivery schedule, Attorney Carroll listed "same day." Attorney Carroll has offered no explanation as to why he waited until the day before the Christmas break to request transcripts on an expedited basis, nor is it clear why all of the requested transcripts are relevant to the appeal. Rule 10 of the Federal Rules of Appeal requires the Appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary" with 14 days after filing the notice of appeal. Where the request is made under the Criminal Justice Act (CJA), the order must so state and be filed with the district court clerk within the same time. Fed R. App. P. 10(b).

Here, the notice of appeal was filed on August 15, 2018. Attorney Carroll never moved to withdraw as required by Circuit Rule 51 and took no action required under the rules to perfect his appeal. Under these circumstances, it was his obligation to not only file a docketing statement but

2

also arrange for the preparation of transcripts needed for the appeal. Even if he had acted when the Court of Appeals appointed him, there would not have been a need to incur the cost of preparing transcripts on an expedited basis.

The costs of providing transcripts on an expedited basis is substantially more than the regular cost. Absent any explanation for the last minute request, the court will authorize preparation of the transcripts necessary for the appeal *at the normal rate*. If counsel elects to have the transcripts prepared on an expedited basis, he is to pay the additional costs required for preparation of the transcripts.

**SO ORDERED** at Green Bay, Wisconsin this  26th  day of December, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court